**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMAN LEE SCOTT, SR., *pro se*,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WHITNEY R. BAILEY, *et al.*,<br><br>　　　　　Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br><br>No. 22-01155 (KMW-MJS)<br><br>**OPINION** |

APPEARANCES:

Norman Lee Scott, Sr.
1175 Marlkress Rd. Unit 3658
Cherry Hill, NJ 08034
　　Pro Se Plaintiff

**WILLIAMS, District Judge:**

I.　　**INTRODUCTION**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Norman Lee Scott, Sr.'s ("Plaintiff") civil complaint [ECF No. 1]. As this Court is reviewing Plaintiff's pending application to proceed *in forma pauperis* status in this case, it will screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be transferred to the Eastern District of Pennsylvania.

II.　　**BACKGROUND**

Plaintiff brings suit against Whitney R. Bailey, Donald Glover, and The Children's

Hospital of Philadelphia ("CHOP" and collectively "Defendants"). On the complaint cover sheet, Plaintiff identifies that his cause of action arises from libel and slander, describing the case as defamation of character; however, the substance of Plaintiff's complaint asserts a claim for defamation, and therefore, the Court will treat Plaintiff's complaint as an allegation of common law defamation. Civil Cover Sheet, ECF No. 1-4; Complaint, ECF No. 1 at 3.

Plaintiff asserts that Defendants made an "utterly false and defamatory statement" against him "accusing him of secretly recording a meeting." *Id.* Plaintiff further alleges that Defendants "knew or should have known the statement [was] false when made," and that "Defendants made the statement with actual malice and willful intent . . . to injure the plaintiff." *Id.* Moreover, according to Plaintiff, Defendants "cooperated among themselves to publish a false and defamatory statement." *Id.* Finally, Plaintiff claims that the statement injured him by harming his character and reputation, and that he has "suffered financially, personal humiliation, and mental anguish" and continues to suffer as a result of Defendants' conduct. *Id.* at 3-4. Plaintiff's complaint seeks monetary compensation and punitive damages "for the ongoing mental anguish" in the amount of $300,000. *Id.* at 4.

### III.    LEGAL STANDARD

Because Plaintiff has submitted an application to proceed under *in forma pauperis* status, this Court is required to screen his complaint under 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court must screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

## IV. DISCUSSION

In 28 U.S.C. § 1391, the United States Code provides the general venue requirements and states that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C.A. § 1391(b). Moreover, "if a court finds that venue is improper, it may, *sua sponte*, either dismiss the case, or if in the interest of justice, transfer the case to a proper district, under Section 1406." *Baptiste v. Tapestry, Inc.*, No. 2:18-CV-3275-KM-SCM, 2018 WL 3772678, at *2, 4 (D.N.J. Aug. 9, 2018) ("Having found that venue is improper, the Court may *sua sponte* consider if a transfer or dismissal under Section 1406 is appropriate."). Specifically, 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." However, the Third Circuit has established that "[d]istrict courts generally should not dismiss in forma pauperis complaints for improper venue," but rather, should "expressly consider[] whether the interests of justice weigh in favor of *transferring* [Plaintiff's] complaint instead of dismissing it." *Fiorani v. Chrysler Grp.*, 510 F. App'x 109, 111 (3d Cir. 2013) (emphasis added) (vacating the district court's sua sponte dismissal of a pro se matter based on improper venue) (citing 28 U.S.C. §

1406(a)); *see also Sinwell v. Shapp,* 536 F.2d 15, 19 (3d Cir. 1976) (explaining that "28 U.S.C. § 1915 contains no express authorization for a dismissal for lack of venue. In the absence of any such statutory authority, it is inappropriate for the trial court to dispose of the case sua sponte on an objection to the complaint which would be waived if not raised by the defendant(s) in a timely manner").

Here, Defendants do *not* reside in New Jersey. According to the facts on the face of the Complaint, Defendants are all citizens of Pennsylvania, therefore § 1391(b)(1) does not apply. Next, all of the events giving rise to the defamation claim as alleged in the Complaint appear to have occurred in Pennsylvania at the plaintiff's workplace, and thus New Jersey is not a proper venue under § 1391(b)(2). Finally, section 1391(b)(3) is inapplicable since venue appears to be proper in the Eastern District of Pennsylvania, and the action could be brought before that court. *See, e.g., Sondhi v. McPherson Oil Co.,* No. CV2013986RBKSAK, 2021 WL 5356182, at *3 (D.N.J. Nov. 17, 2021) (citations omitted).

## V. CONCLUSION

Because this Court is not the proper venue for this action under 28 U.S.C. § 1391(b), the Court will **transfer** this matter to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

Dated: September 8, 2022

KAREN M. WILLIAMS
United States District Judge